# UNITED STATES DISTRICT COURT FOR THE NoRTHERN DISTRICT OF FLORIDA
## JACKSONVILLE _____ DIVISION

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

NORMAN E. CAISON,

Inmate # 471680

(Enter full name of Plaintiff)

"AMENDED"
COMPLAINT

vs.

CASE NO: 309-CV-1025-TJC-TE4

(To be assigned by Clerk)

| | | |
|---|---|---|
| WARDEN REDDISH, B. | LT. TINA MORGAN | C.O. RAMOS |
| ASST. WARDEN ROBINSON, S.T. | LT. JOSEPH ALLEN | F.S. DIRECTOR ANDREWS |
| ASST. WARDEN WHITEHEAD, | LT. SWAIN | F.S. MS. JOHNSON/MARTIN |
| COLONEL BLAYLOCK/BALLock | SGT. WILKERSON | |
| INSPECTOR SNOW | SGT. WHEELER | |
| (Enter name and title of each Defendant. | SGT. FLEMMINGS | |
| If additional space is required, use the | C.O. SPENCER | |
| blank area below and directly to the right.) | C.O. MARKUM | |
| INSPECTOR CLEMONS | | |
| DR. NGUYEN, C. | C.O. J. THOMAS | |
| CLASSIFICATION MR. DAVIS | C.O. COBB | |

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

FF-4

FILED

NOTE: THE COURT WILL NOT REVIEW THE MERITS OF THE COMPLAINT UNLESS THE FOLLOWING QUESTIONS HAVE BEEN ANSWERED REGARDING EXHAUSTION OF ADMINISTRATIVE REMEDIES AND ANY PRIOR LAWSUITS THAT HAVE BEEN FILED.

## III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff must submit copies of all grievances, appeals, and responses with this complaint to verify exhaustion. Failure to demonstrate exhaustion may be grounds for dismissal.

A.   **DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS?**

Yes( ✓ )                    No(  )

[If your answer is NO, proceed to Question B. If your answer is YES, answer all of the following questions in this subsection.]

1.   **Informal Grievance**

a.   Did you submit an informal grievance?

Yes( ✓ )                    No(  )

❖ If so, you must attach a copy of the grievance and response; exhibit ____.

b.   If not, why? _____

2.   **Formal Grievance**

a.   Did you submit a formal grievance?

Yes( ✓ )                    No(  )

❖ If so, you must attach a copy of the grievance and response; exhibit ____.

b.   If not, why? _____

3.   **Appeal to the Office of the Secretary**

a.   Did you submit an appeal to the Office of the Secretary?

Yes(  )   Some yes { No   No(  )

❖ If so, you must attach a copy of the appeal and response; exhibit ____.

b.   If not, why? _____

3

4.      **Disciplinary Actions**

a.      Did you have a disciplinary hearing concerning this matter?

   Yes( ✓ )                    No(  )

   ❖  If so, you must attach a copy of the disciplinary report and disciplinary
      hearing team's findings and decision to this form; exhibit _____.

b.      Did you lose gaintime as a result of the disciplinary hearing?

   Yes( ✓ )                    No(  )

c.      Has the gaintime since been restored?

   Yes(  )                     No( ✓ )


**B.   DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN A COUNTY
      JAIL OR DETENTION CENTER?**

   Yes(  )                      No( ✓ )

[If your answer is NO, proceed to Section IV of the complaint form.
If your answer is YES, answer the following questions.]

1.      Is there a grievance procedure at your institution or jail?

   Yes(  )                      No(  )

[If your answer is NO, proceed to Section IV of the complaint form.  If your
answer is YES, answer all of the following questions in this subsection.]

2.      Did you submit a grievance concerning the facts relating to your complaint?

   Yes(  )                      No(  )

3.      If your answer is YES:

   a. What steps did you take? _____

   b. What were the results? _____

   ❖ If so, you must attach a copy of the grievance and response; exhibit _____.

4.      If your answer is NO, explain why not: _____

   _____

4

I.    PLAINTIFF:

State your <u>full name</u>, inmate number (if applicable ), and full mailing address in the lines below.

Name of Plaintiff:  NORMAN EDWIN CAISON

Inmate Number   471680

Prison or Jail:   UNION C. I,

Mailing address:   7819 N.W. 228th STREET

RAIFORD, FLORIOA

32026 - 4160

II.    DEFENDANT(S):

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address.  Do the same for <u>every</u> Defendant:

(1)    Defendant's name:   B. REDDISH

Official position:   WARDEN

Employed at:   UNION C.I.

Mailing address:   7819 N.W. 228th STREET

RAIFORD, FLORIOA 32026

(2)    Defendant's name:   WHITEHEAD,

Official position:   ASST. WARDEN

Employed at:   UNION C.I,

Mailing address:   7819 N.W. 228th STREET

RAIFORD, FLORIOA 32026

(3)    Defendant's name:   S. J. ROBINSON

Official position:   ASST. WARDEN

Employed at:   UNION C.I,

Mailing address:   7819 N.W. 228th STREET

RAIFORD, FLORIOA 32026

## <u>ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS</u>

2

| | | | |
|---|---|---|---|
| 4 | COLONEL BLAYLOCK/BALLOCK<br>UNION C.I.<br>7819 N.W. 228th STREET<br>RAIFORD, FLORIDA 32026 | 9 | LT. TINA MORGAN<br>ADMINISTRATIVE LIEUTENANT<br>UNION C.I.<br>7819 N.W. 228th STREET<br>RAIFORD, FLORIDA 32026 |
| 5 | SNOW,<br>PRISON INSPECTOR<br>UNION C.I.<br>7819 N.W. 228th STREET<br>RAIFORD, FLORIDA 32026 | 10 | LT. JOSEPH ALLEN<br>S.W.Q. LIEUTENANT<br>UNION C.I.<br>7819 N.W. 228th STREET<br>RAIFORD, FLORIDA 32026 |
| 6 | CLEMONS,<br>PRISON INSPECTOR<br>UNION C.I.<br>7819 N.W. 228th STREET<br>RAIFORD, FLORIDA 32026 | 11 | LT. SWAIN,<br>N-DORM LIEUTENANT<br>UNION C.I.<br>7819 N.W. 228th STREET<br>RAIFORD, FLORIDA 32026 |
| 7 | MR. M. DAVIS<br>CLASSIFICATION SUPERVISOR<br>UNION C.I.<br>7819 N.W. 228th STREET<br>RAIFORD, FLORIDA 32026 | 12 | MR. ANDREWS<br>FOOD SERVICE DIRECTOR<br>UNION C.I.<br>7819 N.W. 228th STREET<br>RAIFORD, FLORIDA 32026 |
| 8 | DR. NGUYEN, C.<br>PRISON DOCTOR<br>UNION C.I.<br>7819 N.W. 228th STREET<br>RAIFORD, FLORIDA 32026 | 13 | MS. JOHNSON / MARTIN<br>FOOD SERVICE STAFF<br>UNION C.I.<br>7819 N.W. 228th STREET<br>RAIFORD, FLORIDA 32026 |

| | | | |
|---|---|---|---|
| 14 | FLEMMING,<br>N-DORM ADMIN, SGT.<br>UNION C.I.<br>7819 N.W. 228th STREET<br>RAIFORD, FLORIDA 32026 | 19 | SPENCER,<br>SECURITY OFFICER<br>UNION C.I.<br>7819 N.W. 228th STREET<br>RAIFORD, FLORIDA 32026 |
| 15 | WILKERSON,<br>SECURITY SERGEANT<br>UNION C.I.<br>7819 N.W. 228th STREET<br>RAIFORD, FLORIDA 32026 | 20 | MARKUM,<br>SECURITY OFFICER<br>UNION C.I.<br>7819 N.W. 228th STREET<br>RAIFORD, FLORIDA 32026 |
| 16 | SGT. WHEELER,<br>SECURITY SERGEANT<br>UNION C.I.<br>7819 N.W. 228th STREET<br>RAIFORD, FLORIDA 32026 | 21 | THOMAS, J.<br>SECURITY OFFICER<br>UNION C.I.<br>7819 N.W. 228th STREET<br>RAIFORD, FLORIDA 32026 |
| 17 | RAMOS, T.<br>SECURITY OFFICER R. YARD<br>UNION C.I.<br>7819 N.W. 228th STREET<br>RAIFORD, FLORIDA 32026 | | |
| 18 | COBB,<br>SECURITY OFFICER REC YARD<br>UNION C.I.<br>7819 N.W. 228th STREET<br>RAIFORD, FLORIDA 32026 | | |

NOTE: FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL
OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED,
THAT FACT MUST BE DISCLOSED AS WELL.

## IV.    PREVIOUS LAWSUITS

A.    Have you initiated other actions in **state court** dealing with the same or similar
facts/issues involved in this action?
Yes( ✓ )                          No(   )

1. Parties to previous action:
   a.   Plaintiff(s): __NoRmAN E. CAISoN__
   b.   Defendant(s): __UNKNOWN__                    "DON'T REMEMBER CASES"
2. Name of judge: __UNKNOWN__             Case #: __3:96-CV-310-RV.__
3. County and judicial circuit: __UNKNOWN__          __3:96-CV-407-LC.__
4. Name of judge: __UNKNOWN__                        __3:96-CV-460-LC.__
5. Approximate filing date: __UNKNOWN__              __3:98-CV-55-RV-MD,__
6. If not still pending, date of dismissal: __UNKNOWN__
7. Reason for dismissal: __UNKNOWN__
8. Facts and claims of case: __UNKNOWN DON'T REMEMBER__

     **(Attach additional pages as necessary to list state court cases.)**

B.    Have you initiated other actions in **federal court** dealing with the same or similar
facts/issues involved in this action?

     Yes( ✓ )                     No(   )

1. Parties to previous action:
   a.   Plaintiff(s): __NoRmAN E. CAISoN__
   b.   Defendant(s): __UNKNOWN__
2. District and judicial division: __TAmpA,   mIAmI__
3. Name of judge: __MORENO__             Case #: __02-22592-CV-MORENO__
4. Approximate filing date: __UNKNOWN__              __8:02-CV-1270-T-24 EAJ,__
5. If not still pending, date of dismissal: __UNKNOWN__
6. Reason for dismissal: __UNKNOWN__
7. Facts and claims of case: __3.850 on MORENO / OTHER CASE__
   __ON DR. BRIGGS AT HARDEE C.I.__

**(Attach additional pages as necessary to list other federal court cases.)**

5

C.   Have you initiated other actions (besides those listed above in Questions (A) and (B)) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( ✓ )                    No(   )

If YES, describe each action in the space provided below.  If more than one action, describe all additional cases on a separate  piece of paper, using the same format as below.

1. Parties to previous action:
   a.   Plaintiff(s):   NORMAN E. CAISON
   b.   Defendant(s):   WARDEN MELTON HICKS
2. District and judicial division:   401 S.E. 1st AVENUE  GAINESVILLE, FL
3. Name of judge: _____     Case #:   1:09-CV-105-mp/AK
4. Approximate filing date:   4-20-09
5. If not still pending, date of dismissal:   STILL PENDING
6. Reason for dismissal:   N A
7. Facts and claims of case:   TRANSFERRED To U.S.D.C. JACKSONVILLE,
   RETALIATION, THREATS BY LT. ALLEN, AND STAFF

   **(Attach additional pages as necessary to list cases.)**


D.   Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or  prior to service?  If so, identify each and every case so dismissed:

Yes(   )                    No( ✓ )

1. Parties to previous action:        N/A
   a.   Plaintiff(s): _____
   b.   Defendant(s): _____ N/A
2. District and judicial division: ____ N/A
3. Name of judge: _____ N/A     Case Docket # ____ N/A
4. Approximate filing date: ____ N/A    Dismissal date: ____ N/A
5. Reason for dismissal: _____ N/A

   **(Attach additional pages as necessary to list cases.)**



**VI.** **STATEMENT OF CLAIM:** State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

*All Defendants violated the U.S. Constitution; First, Sixth, Eighth and Fourteenth Amendments, as well as Due Process and Equal Protection Rights, subjecting Plaintiff to Cruel and Unusual Punishments, in assaulting, punishing, harassing Plaintiff and retaliating against him when Plaintiff exercised his rights to invoke the Grievance Procedures at Union Corr. Inst.*



**VII.** **STATEMENT OF FACTS:** State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

*1. Each named Defendant acted under the Color of State Law for purposes of this complaint.*

*2. Each named Defendant are sued in their individual capacities for purposes for monetary relief; and in their official capacities for purposes of injunctive relief and any further additional relief, including but not limited to, punitive damages*

*3. Each named Defendant knew or reasonably should have known that their actions or inactions would ultimately*

*Cont. page 9*

Statement of Facts, continued:

lead to injury to Plaintiff, however they were deliberately indifferent to any threats or injury

4. That each named Defendant knew or reasonably should have known that because of the culture of fear and violence perpertrated by correctional officers against prisoners at Union Corr. Inst, that the only consequence of their failure to act would result in Plaintiff being assaulted, punished, harrassed and retaliated against

5. That the complete failure to act can only be reasonably defined as Cruel and Unusual Punishment and a Deliberate Indifference to Plaintiff's physical well-being and Constitutional Rights

6. That the non-supervisory Defendant's Ramos, Spencer, Markum, J. Thomas, and Cobb knew or reasonably should have known that their actions and behaviors would violate Plaintiff's Constitutional Rights upon their having physically assaulted Plaintiff, and their having harrassed and retaliated against him.

7. That the additional actions or non actions committed by Defendants is further delineated in the attached pages 1-13 /"REVIEW EXHIBITS A - I, ON ORIGINAL ComplAINT."

(see, continued; pages 1A - 13A

VIII.   RELIEF REQUESTED:   State briefly what you want the Court to do for you.  Again, do not make any legal arguments or cite any cases or statutes.

1) Issue an emergency Temporary Restraining Order w/ hearing which orders Defendants to cease from any further assaults, harrassments or retaliations until as Permanent Injunction may be issued.

2) Compensatory damages in the amount of $150,000.00 from each named Defendant and $75,000.00 in punitive damages.

3) Order a transfer away from Defendants to Miami, Florida

4) Appoint Counsel as neccessary

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Signed this 17th day of NOVEMBER , 2 009 .

MR. NORMAN E. CAISON

UNION CORRECTIONAL INSTITUTION

7819 N.W. 228th STREET / K-1205

Norman E. Caison
(Signatures of all Plaintiffs)

<u>STATEMENT OF FACTS</u>

EXHIBIT'S

(A)   (1). ON 6-21-09, AT APPROXIMATELY 3:15 p.m., I WAS SUMMONED TO LT. ALLEN'S OFFICE. AFTER, I ENTERED LT. ALLEN'S OFFICE, LT. ANDERS, WAS PRESENT ALSO. LT. ALLEN, BEGAN TO RIDICULE MYSELF FOR INVOKING THE GRIEVANCE PROCEDURE ON FOOD SERVICE STAFF JOHNSON / MARTIN. LT. ALLEN, WAS ON THE COMPUTER REVIEWING A RESPONSE FROM THE INSPECTOR GENERAL'S OFFICE. LT. ALLEN INFORMED ME THAT HE DIDN'T LIKE ME TELLING OTHER PEOPLE THAT HE CALLED ME A NIGGER. ALSO. I COULD FILE ALL THE GRIEVANCES ON HIM THAT I WANTED TO, HOWEVER, "THEY" WON'T DO ANYTHING TO HIM! GRIEVANCE LOG # 0906-213-277, RESPONSE BY WARDEN REDDISH, DATED 7-7-09, APPROVED." RETALIATION!"

(B)   (2). ON 6-24-09, AT APPROXIMATELY 10:20 A.m. LT. TINA MORGAN, INFORMED ME THAT COLONEL BALLOCK, ADVISED HER TO PLACE ME INTO PROTECTIVE CUSTODY, BECAUSE I, FILED GRIEVANCE LOG # 0906-213-277, STATING THAT I, FEAR FOR MY LIFE, BECAUSE OF LT. JOSEPH ALLEN. HOWEVER, I INFORMED LT. TINA MORGAN THAT WASN'T TRUE. I, ALSO INFORMED LT. MORGAN THAT I REFUSED PROTECTIVE CUSTODY FOUR DIFFERENT TIMES, HOWEVER, LT. TINA MORGAN, ORDERED MYSELF TO ALLOW C.O. SPENCER PLACE HANDCUFFS ONTO MY HANDS. AFTER C.O. SPENCER PLACED HANDCUFFS ONTO MY HANDS, LT. ALLEN, WALKED OVER TO ME AND SAID AND I "QUOTE " YOU ARE A DUMB ASS NIGGER," ALSO WHEN THEY GET YOU TO CONFINEMENT YOUR BLACK ASS WILL BE KICKED ANYWAY. C.O. SPENCER, INSTRUCTED ME TO WALK OVER TO B-AREA BREEZEWAY BARBERSHOP. C.O. SPENCER, PLACED LEG SHACKLES ON BOTH LEGS AND BEGAN TO PUSH ME AROUND, TELLING ME THAT I WAS A DUMB ASS NIGGER. GRIEVANCE LOG # 0906-213-329, RESPONSE BY WARDEN REDDISH, DATED 7-7-09, APPROVED." RETALIATION! "

(3). ON 6-24-09, AT APPROXIMATELY 11:10 A.m. SGT. WILKERSON, C.O. SPENCER, AND C.O. MARKUM, PLACED ME INTO CELL N-3120, C.O. SPENCER, AND C.O. MARKUM, BEGAN TO SLAP ME IN MY FACE, AT LEAST FIVE TIMES EACH, INTO BOTH EYES, AS WELL AS, BOTH EARS. AFTER C.O. SPENCER, REMOVED THE LEG SHACKLES, BOTH OFFICERS BEGAN TO KICK ME IN MY TESTICLES, AS WELL AS, MY STOMACH, RAN OUT OF MY CELL AND CLOSED MY CELL DOOR. HOWEVER, SGT. WILKERSON, SUPERVISED THIS ENTIRE EPISODE. NOT ONCE DID SGT. WILKERSON, INSTRUCT BOTH OFFICERS TO STOP THEIR UNPROFESSIONAL ASSAULT BEIN COMMITTED AGAINST MYSELF IN BAD FAITH. GRIEVANCE LOG # 0906-213-329, RESPONSE BY WARDEN REDDISH, DATED 7-7-09, APPROVED. "RETALIATION AND REPRISAL".

GRIEVANCE"
NEVER
RETURN   (4). ON 6-24-09, AT APPROXIMATELY 11:45 A.m. C.O. THOMAS, J. REFUSED TO SERVE ME A LUNCH TRAY, "REVIEW THE CAMERA", HOWEVER, I ASKED C.O. THOMAS, J. WAS SOMETHING WRONG, HE REPLIED FUCK YOU. IF I HAD MY WAY YOUR BLACK ASS WOULD NEVER EAT AGAIN! "RETALIATION", DENYING ME DUE PROCESS.

GRIEVANCE "
EVER
ETURN   (5). ON 6-25-09, AT APPROXIMATELY 3:30 P.m. I SUBMITTED A SICK-CALL SLIP TO BE EXAMINED BY THE NURSE, AS WELL AS, A DOCTOR, BECAUSE OF BOTH EYES, EARS, TESTICLES, AND STOMACH WAS GIVING ME UNBEARABLE PAIN. HOW-EVER, NURSE BICKEL, CAME TO MY CELL ON 6-26-09, AT 8:44 A.m. WITH SGT. SMITH, AS WELL AS, C.O. MARKUM THAT ASSAULTED ME ON 6-24-09 AT 11:10 A.m. I, REFUSED TO EXIT MY CELL BECAUSE OF MY SAFETY AND STAFF MEMBERS WITH THE NURSE COMMITTING STAFF ABUSE ON INMATE'S. "RETALIATIONS!"

c)   (6). ON 6-26-09, AT APPROXIMATELY 9:49 A.m. C.O. MARKUM CAME TO MY CONFINEMENT CELL N-3120, AND SUMMONED MYSELF TO MY CELL DOOR "REVIEW THE CAMERA," C.O. MARKUM, INFORMED ME AN I "QUOTE" "I'M GOING TO KILL YOU ONE WAY OR THE OTHER YOU DUMB ASS NIGGER", AND HE WALKED

AWAY FROM MY CELL, GRIEVANCE LOG.# 0906-213-344, RESPONSE BY WARDEN REDDISH, DATED 7-7-09, APPROVED. RETALIATION!

(7). ON 6-27-09, AT APPROXIMATELY 11:08 A.M. CLASSIFICATION SUPERVISOR MR. WOODAL CAME TO MY CELL AN ASKED ME WHAT HAPPEN. I INFORMED HIM THAT LT. MORGAN, ORDERED ME TO CONFINEMENT. BECAUSE OF A FORMAL GRIEVANCE LOG # 0906-213-277, SUBMITTED TO WARDEN REDDISH, ON 6-21-09, CONCERNING LT. ALLEN MALFEASANCE. ALSO, I ADVISED MR. WOODAL THAT C.O. SPENCER AND CO. MARKUM, ASSAULTED ME ON 6-24-09, AT 11:10 A.M. ALSO LT. ALLEN ADVISED ME THAT MY BLACK ASS WOULD BE KICKED WHEN I REACHED CONFINEMENT. MR. WOODAL ADVISED ME THAT HE WOULD PUT ME IN FOR THE WITNESS PROTECTION PROGRAM, BECAUSE ALL THE STAFF MEMBERS AT U.C.I. DISLIKED ME. FORMAL GRIEVANCE LOG # 0906-213-329. RETALIATION AND MALICIOUS ACTS.

GRIEVANCE "
NEVER
RETURN

(8). ON 6-27-09, AT APPROXIMATELY 2134 P.M. REVIEW THE CONFINEMENT CAMERA, SGT. WHEELER CAME TO MY CELL WITH ANOTHER OFFICER STANDING BEHIND HIM FOR A WITNESS STATED TO ME THAT THEY WERE GOING TO GET ME FOR FUCKING WITH LT. ALLEN. SGT. WHEELER STATED TO ME THAT I WAS A DUMB ASS NIGGER AND WALKED AWAY FROM MY CELL. RETALIATION, THREATS ON MY LIFE.

GRIEVANCE "
NEVER
RETURN

(9). ON 6-29-09, AT APPROXIMATELY 8:32 A.M. REVIEW THE CONFINEMENT CAMERA, DR. NGUYEN, C. CAME TO CELL N-3120. I INFORMED DR. NGUYEN, I WAS ASSAULTED ON 6-24-09, AT 11:10 A.M. BY C.O. SPENCER AND CO. MARKUM, PER LT. ALLEN'S INSTRUCTION. I ADVISED DR. NGUYEN, C. THAT BOTH OFFICERS SLAP ME IN BOTH EYES, EARS, KICKED ME IN MY TESTICLES, AND STOMACH. I INFORMED DR. NGUYEN, C. THAT I HAVE AN EYE DISEASE CALLED GLAUCOMA, ALSO BOTH

EYES ARE GIVING ME A LOT OF PAIN, ALSO BOTH TESTICLES, AND STOMACH. AT NO TIME DID DR. NGUYEN, C. INFORM ME THAT HE WOULD EXAMINE ME EVEN THOUGH I MADE A REQUEST FOR HIM TO DO SO. HOWEVER, DR. NGUYEN, C. ADVISED ME THAT HE HAS NO CONTROL OVER SECURITY, ALSO HE WASN'T GOING TO LOSE HIS JOB BY REPORTING THEM EITHER AND WALKED AWAY FROM MY CELL. RECKLESS FROM A DOCTOR.

D(E)   (10). FROM 6-24-09, UNTIL 7-12-09, I WAS DENIED ACCESS TO MY VEGAN DIET FOOD TRAY BY FOOD SERVICE DIRECTOR MR. ANDREWS, HOWEVER I SUBMITTED THREE DC6-236 FORMS TO ASST. WARDEN ROBINSON TO NO AVAIL, ALSO THEY NEVER RETURN ANY OF MY REQUEST TO ME. AFTER I BEGAN TO RECEIVE MY VEGAN DIET TRAY, MR. ANDREWS REFUSE TO COMPLY WITH THE MASTER MENU FOR THE VEGAN DIET, BY DENY-ING ME ACCESS TO THE PROPER PORTIONS OF FOOD ON MY VEGAN DIET TRAY. I SUB-MITTED NUMEROUS INFORMAL GRIEVANCES TO MS. ROBINSON, AND MR. ANDREWS ONLY TO BE DENIED. THIS OCCURRED FROM 6-24-09, UNTIL 8-4-09. RETALIATION, AS WELL AS, A REPRISAL!

(F)   (11). ON 8-5-09, AT APPROXIMATELY 5:30 P.M. MS. JOHNSON/MARTIN, REFUSE TO ADHERE WITH THE VEGAN DIET MASTER MENU. MS. JOHNSON, INFORMED C.O. COBB, AND C.O. T. RAMOS TO HARASS ME FOR REQUESTING THE PROPER PORTIONS OF FOOD PER VEGAN MASTER MENU. C.O. COBB, BEGAN TO UTILIZE ALL TYPES OF ABUSIVE PROFANE LANGUAGE TOWARDS ME, INFORMING ME THAT HE DOESN'T GIVE A DAMN OR F*CK IF I EAT OR NOT. ALSO TO GET MY BLACK ASS AWAY FROM THE WINDOW OR GO TO CONFINEMENT. FROM 8-5-09, UNTIL 8-12-09, MS. JOHNSON FOOD SERVICE STAFF, AND C.O. COBB, AND C.O. T. RAMOS, HARASSED ME UNTIL I RE-MOVED MY NAME FROM THE DIET LIST. C.O. COBB, AND C.O. RAMOS, ORDERED ME TO EAT EVERYTHING ON MY VEGAN DIET TRAY, OR MY BLACK ASS WOULD BE

(4)

GOING TO CONFINEMENT. ALSO C.O. COBB, INFORMED ME IF I DIDN'T LIKE WHAT HE SAID FOR ME TO GO TELL MY FUCKING MOTHER SHE'S WHO FUCKING HAD ME! RETALIATION, AS WELL AS, REPRISAL!

GRIEVANCE "
NEVER     (12). ON 8-11-09, AT 10:00 A.m. "ICT "FOR MY NEW JOB ASSIGNMENT. MR.
RETURN
M. DAVIS, MS. RAMOS, WERE ASSIGNING ME BACK TO WORK IN FOOD SERVICE. I
INFORMED THEM I LOVE WORKING I FOOD SERVICE, BECAUSE OF MY MEDICAL
SITUATION. HOWEVER, MR. ANDREWS FOOD SERVICE DIRECTOR BEGAN TO SCREAM
VERY LOUDLY STATING HE DOESN'T WANT ME WORKING IN FOOD SERVICE PERIOD!
MR. DAVIS ASKED MR. ANDREWS WHAT DID I DO, OR WHAT WAS WRONG?. HOWEVER
MR. ANDREWS CONTINUED TO SCREAM THAT HE DOESN'T WANT ME WORKING IN
FOOD SERVICE PERIOD! I WAS REASSIGNED TO WORK IN THE LAUNDRY. BEFORE
I COULD EXIT THE "ICT "ROOM, MR. M. DAVIS CLASSIFICATION SUPERVISOR IN-
FORMED ME THAT NO ONE AT U.C.I. LIKES ME, ALSO IF I GO TO CONFINEMENT
AGAIN THEY WOULD PLACE ME ONTO CLOSE MANAGEMENT, WHICH IS "C.M."
THAT'S RETALIATION, THREATS, AS WELL AS, A REPRISAL!

GRIEVANCE "
NEVER     (13). IN REFERENCE TO THIS ENTRY ASSAULT EPISODE ON 6-24-09, AT 11:10 A.m.
RETURN
I SUBMITTED TWO DC6-236 FORMS TO INSPECTOR SNOW, ALSO CLEMONS, ALSO TWO
DC6-236 FORMS TO LT. SWAIN THE N-DORM O.I.C. HOWEVER NOT ONE OF THEM
DISCUSSED THAT ASSAULT AGAINST ME EVEN ONCE. ALSO NOT ONE DC6-236 FORMS
SUBMITTED TO THEM EVER RETURN TO ME EITHER. RETALIATION! EVEN THOUGH
THE CLERK OF THE COURTS FROM THE 1st DCA FORWARD A LETTER TO INSPECTOR
PAUL DECKER ON MY ASSAULT, MR. DECKER NEVER INTERVIEWED ME PERIOD!
RETALIATION, AND REPRISAL!


(14). IN REFERENCE TO THIS ENTRY ASSAULT EPISODE ON 6-24-09, AT 11:10 A.m.
WARDEN REDDISH, ASST. WARDEN ROBINSON, MR. WHITEHEAD, COLONEL BALLOCK, MAJ.

JEFFERSON, MR. WOODAL AND MR. M. DAVIS REFUSE TO TRANSFER ME TO A SAFER INSTITUTION. HOWEVER I WAS RELEASED BACK ONTO U.C.I. S.W.U. COMPOUND ON 8-4-09, FOR NUMEROUS STAFF MEMBERS TO CONTINUE TO RETALIATE, HARASS, ECT, ME IN BAD FAITH. ALL DEFENDANTS LISTED IN THIS COMPLAINT WERE ALL A PART OF THIS MALFEASANCE TO ALLOW THIS ASSAULT TO EVER OCCUR OR EXIST PERIOD!

"GRIEVANCE"
NEVER
RETURN

(15). I MADE NUMEROUS ATTEMPTS TO INFORM THIS ADMINISTRATION, AS WELL AS, SGT. FLEMMING, CONFINEMENT STAFF CONCERNING THIS ASSAULT, HOWEVER SGT. FLEMMING CALLED ME A FUCKING SNITCH EACH TIME HE CAME ONTO THE CONFINEMENT WING. SGT. FLEMMING REFUSE TO ISSUE ME TOOTHPASTE, A TOOTHBRUSH, TOILET TISSUE, OR EVEN A BAR OF SOAP TO MAINTAIN MY PERSONAL HYGIENE. SGT. FLEMMING INFORMED ME AND I "QUOTE", HE DOESN'T CARE WHAT THEY DO TO MY SNITCHING BLACK ASS, AND WALKED AWAY FROM MY CELL. NU-MEROUS INMATE'S WITNESS THAT ASSAULT ON 6-24-09, AT 11:10 A.M. INMATE RAPPOIOI ALI # 069892, KYLE SMITH # 110456, RICHARD VICKERS # A-094314 RONALD HOLCOMBE # B-558740, HERSHELL SMITH # 148028, R.COLLONS # CELL 3121, AND INMATE LITTLETON # 027289.

(G)     (16). FROM 5-4-09, UNTIL THIS PRESENT DATE MY OUTGOING MAIL, AS WELL AS, MY OUTGOING LEGAL MAIL TO MY ATTORNEY, HAS BEEN ERADICATED, HOWEVER, ALL INFORMAL, AS WELL AS, FORMAL GRIEVANCES SUBMITTED TO ASST. WARDEN ROBINSON, AND WARDEN REDDISH, NEVER RETURN TO ME PERIOD! I HAVE SUBMITTED NUMEROUS INFORMAL GRIEVANCES TO THE U.C.I. MAIL ROOM OFFICIALS TO NO AVAIL. NOT ONE OF THEM EVER RETURNING TO ME. THIS IS A CLEAR CASE OF RETALIATION, NEGLIGENCE, AND REPRISAL.

ALL DEFENDANTS ACTED INDIVIDUALLY, AND OUTSIDE OF THEIR JOB ASSIGN-
MENT, AS CORRECTIONAL OFFICERS. WHILE ACTING UNDER COLOR OF STATE LAW
TO DEPRIVE THE PLAINTIFF OF HIS CONSTITUTIONAL RIGHTS AND FEDERAL
LAW TITLE 18 § 241 § 242, AND THEIR CONDUCT DEPRIVED HIM OF A
RIGHT, PRIVILEGE, AND IMMUNITIES SECURED BY THE CONSTITUTION AND
HIS FIRST, EIGHTH, AND FOURTEENTH AMENDMENT. ALL DEFENDANTS CAR-
RIED OUT ACTS OF OMISSION BY STATE CREATE A LIBERTY INTEREST BY
HIM STAYING ON THE INSTITUTIONAL COMPOUND WITHOUT BEING CON-
FINED WITHOUT DUE PROCESS OF LAW.

## FIRST CAUSE OF ACTION

THE ACTIONS OF ALL DEFENDANTS STATED IN PARAGRAPH 1,
THROUGH 8, DENIED THE PLAINTIFF OF DUE PROCESS UNDER THE EIGHTH
AMENDMENT RIGHT TO BE FREE FROM UNJUSTIFIED AND EXCESSIVE USE OF
FORCE WAS VIOLATED WHEN:

(A) HE WAS ASSAULTED, BEATEN AND INJURED WITHOUT JUST CAUSE.

(B) HIS INJURY TO HIS EYES ALMOST CAUSED HIM TO BE BLIND, ALSO
INJURED HIM BY DENYING HIM HIS VEGAN DIET FOOD TRAY FOR OTHER
PERSONAL HEALTH CONDICTIONS WHEN DEFENDANTS VIOLATED HIS RIGHTS
UNDER THE TITLE OF THE AMERICANS WITH DISABILITIES ACT. BY
MAKING THREATS TO KILL, OR INJURE HIM, AND INFLICTED RACIAL
SLURRED NAMES CALLING HIM A NIGGER, AND PLACING HIM ILLEGALLY
INTO CONFINEMENT WITH HIS MEDICAL DENIAL'S.

(C) THAT ALL DEFENDANTS PUNISHMENT, AND RETALIATION ACTS AND RACIAL
PRO FILLING AND FOR HIM FILING GRIEVANCES BEING CALLED A NIGGER

WAS BEATEN AT HAND OF DEFENDANTS WHITE GUARDS THAT HATE BLACK SKINED PEOPLE.


<u>SECOND CAUSE OF ACTION</u>

THE ACTIONS OF ALL DEFENDANTS STATED IN PARAGRAPH 1, THROUGH 9, DENIED THE PLAINTIFF HIS EIGHTH AND 14th AMENDMENT RIGHTS, THAT DEFENDANT NGUYEN, WAS DELIBERATE INDIFFERENCE TO HIS MEDICAL NEEDS. WHEN:

(A) HE WAS DENIED MEDICAL TREATMENT BY DEFENDANT NGUYEN, WHEN HE WAS ASSAULTED BY THE HAND OF PRISON GUARDS.

(B) HE WAS IN SERIOUS PAINFUL CONDITION COULD NOT TORMENT FROM HIS BODY INJURIES AND WAS DENIED MEDICAL TREATMENT, AS WELL AS, ACCESS TO MEDICAL ASSISTANCE BY DR. NGUYEN, C.

(C) THAT DR. NGUYEN, C. WAS AFRAID TO REPORT HIS ASSAULT AND BATTER CLAIMS THAT DR. NGUYEN, C. WAS COVERING UP. HE WAS NOT A LICENSE MEDICAL DOCTOR, WHICH LEADS TO THE PLAINTIFF SUFFERING AT HAND BY DR. NGUYEN, C.


<u>THIRD CAUSE OF ACTION</u>

THE ACTIONS OF THE DEFENDANTS STATED IN PARAGRAPH 10, THROUGH 12, DENIED THE PLAINTIFF OF HIS EIGHTH AND FOURTEENTH AMENDMENT RIGHTS, BY DEFENDANTS ASST. WARDEN ROBINSON, AND FOOD SERVICE DIRECTOR ANDREWS, WERE DELIBERATE INDIFFERENCE TO HIS SERIOUS MEDICAL NEEDS, WHEN:

(A) HE WAS DENIED, AND RETALIATED AGAINST BY HIM FILING GRIEVANCES HE SUBMITTED TO DEFENDANTS ROBINSON, AND ANDREWS, WHO WERE DELIBERATE INDIFFERENCE TO HIS SERIOUS VEGAN DIET, WAS DENIED

TO HIM WHICH CAUSED HIM TO SUFFER PAIN TO HIS STOMACH, BODY, BECAUSE OF BEING DENIED ACCESS TO HIS PROPER DIET.

(B)   DEFENDANTS ROBINSON, AND ANDREWS WERE DELIBERATE INDIFFERENCE TO HIS SERIOUS HEALTH NEEDS KEEPING HIM IN CONFINEMENT UNDER PAIN AND SUFFERING IN RETALIATION FOR FILING GRIEVANCES ON HIS VEGAN DIET, AND TO DENY HIM LIBERTY INTEREST AFFORDED UNDER DUE PROCESS, BY MS. ROBINSON, NOT TO GIVE HIM A HEARING OR ALLOW HIM TO FILE WRITTEN COMPLAINTS TO EXPLAIN, WHY HE WAS WRONGFULLY PLACED INTO CONFINEMENT.

(C)   DEFENDANTS JOHNSON, RAMOS, AND COBB, ON 8-5-09, CARRIED OUT RETALIATION AGAINST THE PLAINTIFF IN A CAUSAL CONNECTION BE-TWEEN DEFENDANT ANDREWS FOOD SERVICE DIRECTOR, OR AND CHRONOLOGY OF EVENTS ON SAID DATES, DEFENDANTS GAVE HIM VERY LITTLE FOOD, WHEN HE MADE A COMMENT TO DEFENDANTS HE BEGAN TO THREATEN, NEGLECT, AND EXPLOIT AGAINST THE PLAINTIFF WITH NUMEROUS MED-ICAL ISSUES OF THE AMERICAN DISABILITY ACT.

(D)   THAT HIS CHRONOLOGY OF EVENTS IN A CAUSAL CONNECTION WITH ANDREWS, DAVIS, AND RAMOS, IN FUTHER RETALIATION HE WAS RE-MOVED FROM HIS FOOD SERVICE JOB, TO A MORE SERIOUS JOB AND RE-ASSIGNED TO THE LAUNDRY, MORE PAINFUL JOB DETAILS WITH HIS SERIOUS HEALTH SITUATIONS.

## FOURTH CAUSE OF ACTION

THE ACTIONS OF ALL DEFENDANTS LISTED IN PARAGRAPH 1, THROUGH 13, DENIED THE PLAINTIFF OF HIS EIGHTH AND FOURTEENTH AMEND-MENT RIGHTS TO BE FREE FROM ABUSIVE HARASSMENT, AND EXCESSIVE FORCE AT HAND BY U.C.I. PRISON GUARDS WHEN THEY VIOLATED THE

Rules.

(A) DEFENDANT PAUL DECKER, SNOW, AND CLEMONS, ARE PERSONALLY INVOLVED BECAUSE OF DECKER BEING THE HEAD OF THE INSPECTOR GENERAL OFFICE, AS THE OVERSEER TO CARRY OUT PATTERNS OF KNOWLEDGE OF PLAINTIFF, AN OTHER INMATE'S AT U.C.I IN SIMILAR SITUATIONS WHO FILE GRIEVANCES ON THE GUARDS AT U.C.I. SUFFERED, BY RECEIVING FABRICATED D.R.'s OR BY BEING PLACED INTO UNJUSTIFIABLE CONFINEMENT UNDER INVESTIGATIONS, BECAUSE OF CURRUPT GUARDS ACTIONS AGAINST INMATES.

(B) DEFENDANTS SNOW, AND CLEMONS, ARE THE INVESTIGATORS, AT U.C.I, ALLOWED PLAINTIFF, AN OTHER INMATE'S SIMILAR SITUATIONS TO BE PLACED INTO CONFINEMENT UNDER FABRICATED INVESTIGATIONS FOR LONG PERIOD OF TIMES, ONLY TO LAY BACK AND DO NOTHING. INSPECTOR SNOW, AND CLEMONS, KNOWS OF THE BEATINGS AGAINST BLACKS, AND CUBANS INMATE'S, HOWEVER LAY BACK AND DO NOTHING TO RESOLVE THAT. INSPECTOR SNOW, PAST JOB ASSIGNMENT AT U.C.I WAS A CLASSIFICATION SUPERVISOR, WHICH CONFIRM HIS NEGLIGENCE, NEPOTISM, CORRUPTION, AND RETALIATION AGAINST INMATE'S IN BAD FAITH.

(C) DEFENDANTS SNOW, AND CLEMONS, WRONGFULLY RECKLESS MALFEASANCE DENIED THE PLAINTIFF A CLEAR ESTABLISHED RIGHT TO BE RELEASED FROM CONFINEMENT WHEN HE DID NOT QUALIFY TO BE IN CONFINEMENT, BECAUSE OF CURRUPT PRISON GUARDS RETALIATION AGAINST HIM AT U.C.I.

## FIFTH CAUSE OF ACTION

THE ACTIONS OF THE DEFENDANTS LISTED IN PARAGRAPH 1, THROUGH

(10)

14, DENIED THE PLAINTIFF DUE PROCESS UNDER HIS FIRST, EIGHTH, AND FOURTEENTH, AMENDMENTS WAS VIOLATED WHEN:

(A) AS RESPONDANT SUPERIOR HAD KNOWLEDGE AND ACQUIESCENCE IN THE PLAINTIFF RETALIATIONS ACTED BY THE SUBORDINATE PRISON GUARDS WERE ACTUALLY INFLICTION OF CONSTITUTIONAL DE- PRIVATIONS WERE NOT DOING SO IN A SECRET OR A ISOLATED MANNER. WHEN THE PLAINTIFF MADE THEM KNOWLEDGEABLE OF THE INJURIES HE HAD RECEIVED AS STATED IN NUMEROUS INFORMAL, AND FORMAL GRIEVANCES THEY EITHER REFUSE TO ADDRESS, OR RETURN THEM PERIOD, AS REQUIRED BY D.O.C. POLICIES,

(B) THAT THE SAID DEFENDANTS KNOWLEDGE OF THE PRISON GUARDS ASSAULTED THE PLAINTIFF, AND OTHER ELDERLY INMATE'S AT U.C.I, AND REFUSE TO GIVE THE PLAINTIFF THE PROPER CLASSIFICATION CREATED A PERVASIVE RISK OF HARM BY NOT TRANSFERRING HIM FROM THE INJURIES HE HAD RECEIVED, TO ANOTHER INSTITUTION NEAR HIS FAMILY IN MIAMI, FLORIDA.

(C) THE U.C.I. WARDEN WAS AWARE AND KNOWLEDGEABLE OF PLAINTIFF CONSTITUTIONAL VIOLATION BY THE GUARDS AS ALLEGED IN HIS GRIEVANCES TO THE WARDEN, HOWEVER HIS RESPONSIBILITY IMPOSED UPON HIM BY STATUTES OR REGULATIONS TO INTERVAIN AND REMEDY THE CONSTITUTIONAL VIOLATIONS, HOWEVER, HE FAILED TO DO SO.


## SIXTH CAUSE OF ACTION


THE ACTIONS OF THE DEFENDANTS AS STATED IN PARAGRAPH 15, DENIED THE PLAINTIFF RIGHTS UNDER THE EIGHTH AND 14th AMENDMENTS WERE VIOLATED WHEN:

(A) DEFENDANTS DENIED THE PLAINTIFF ACCESS TO PERSONAL HYGIENE ITEMS "TWICE" WHEN HE WAS PLACED INTO CONFINEMENT. DEFENDANT REFUSE TO GIVE PLAINTIFF SOAP, TOILET TISSUE, TOOTH PASTE, TOOTHBRUSH, OR EVEN A DC6-236 FORM TO REQUEST THEM FROM U.C.I. ADMINISTRATION. HOWEVER, DEFENDANT CALLED THE PLAINTIFF A BLACK ASS SNITCH, AND WALKED AWAY FROM HIS CONFINEMENT CELL.

(B) THE PLAINTIFF WAS DENIED EQUAL PROTECTION FROM DEPENDABLE FAIR TREATMENT UNDER TITLE VII OF THE INTENTIONAL DISCRIMINATION IN CONFINEMENT, BECAUSE SGT. FLEMMING CALLED HIM A "SNITCH", HE WAS DENIED ACCESS TO HIS PERSONAL HYGIENE ITEMS, HOWEVER WHEN ALL THE OTHER NON-SNITCHING NIGGERS RECEIVED PERSONAL HYGIENE.

## IMMUNITIES

ALL DEFENDANTS IN THEIR "OWN" INDIVIDUAL CAPACITY DOES NOT ENJOY ABSOLUTE IMMUNITY UNDER COMMON LAW. NOR QUALIFIED IMMUNITY UNDER COMMON LAW. THE CONSTITUTIONAL RIGHTS OF WHICH THE PLAINTIFF WAS DEPRIVED WERE SO CLEARLY ESTABLISHED THAT A REASONABLE PRISON OFFICIAL WOULD OBJECTIVELY DETERMINE THAT THEIR RECKLESS THREATEN ILLEGAL SEIZURE PLACED INTO CONFINEMENT, MEDICAL DENIAL AND LIFE THREATING ASSAULT AND RETALIATION ACTS, AGAINST THE PLAINTIFF WERE UN CONSTITUTIONAL.

## EXHAUSTION

THE PLAINTIFF HAS EXHAUSTED NUMEROUS INFORMAL, AS WELL AS,

FORMAL GRIEVANCES, AS ALLEGED IN THIS COMPLAINT ATTACHED HERETO. HOWEVER NUMEROUS EXHIBITS WERE NEVER RETURN TO THE PLAINTIFF ALSO, BECAUSE OF ON GOING ASSAULT'S ON OTHER INMATE'S FOR SUBMITTING GRIEVANCES AT U.C.I. THE PLAINTIFF FEELS FOR HIS OWN SAFETY, AND WELL BEING TO REFRAIN FROM SUBMITTING "ANY" ADDITIONAL GRIEVANCES TO SAFEGUARD HIS LIFE.

Norman E. Caison
MR. NORMAN E. CAISON

### CERTIFICATE OF SERVICE

I, NORMAN E. CAISON, HEREBY CERTIFIES, UNDER § 92.525, F.S. (2009), AND PURSUANT TO THE AUTHORITY OF THOMPSON V. STATE, 761 SO. 2D 324 (FLA. 2000) (PRISONERS MAILBOX RULE), THAT I HAVE PLACED THE BELOW DESCRIBED DOCUMENTS INTO THE HANDS OF UNION CORRECTIONAL INSTITUTIONAL MAIL ROOM OFFICIALS FOR MAILING AND A TRUE COPY OF THE FOREGOING 1983 CIVIL RIGHTS COMPLAINT, HAS BEEN FURNISHED ON THIS 19th DAY OF September NOVEMBER 2009, VIA U.S. FIRST-CLASS MAIL TO THE CLERK OF THE COURTS UNITED STATES DISTRICT COURT 300 NORTH HOGAN STREET SUITE 9-150 JACKSONVILLE, FLORIDA 32202.

Norman E. Caison

### OATH

I, NORMAN E. CAISON, UNDERSIGNED AM THE APPELLANT, IN THIS ACTION AND DECLARE UNDER THE PENALTY OF PERJURY PURSUANT TO THE LAWS OF THE STATE OF FLORIDA THAT THE FORGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE. SEE: 92.525, F.S. SHEARER V. STATE, 628 SO. 2D. 1102 (FLA. 1993). EXECUTED THIS 19th DAY OF September NOVEMBER 2009.

Norman E. Caison
MR. NORMAN E. CAISON 471680
UNION CORRECTIONAL INSTITUTION
7819 N.W. 228th STREET / K-1205
RAIFORD, FLORIDA 32026-4160