UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE Division

2010 JUN -7 A 10:40

U.S. DISTRICT COURT
DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

**CIVIL RIGHTS COMPLAINT FORM**

Norman E. Caison 471680

CASE NUMBER: 3:09-CV-1025-J-32TEM
(To be supplied by Clerk's Office)

"AMENDED COMPLAINT"

(Enter full name of each Plaintiff and prison number, if applicable)

v.

Walter A. McNeil

Secretary, Florida Department

of Corrections,

(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right).

**ANSWER ALL OF THE FOLLOWING QUESTIONS:**

I. **PLACE OF PRESENT CONFINEMENT:** Charlotte Union Correctional
33123 Oil Well Road   (Indicate the name and location)
Punta Gorda, 33955
Institution 7819 N.W. 228th Street Raiford, Florida 32026-4160

II. **DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS?** Yes (X) No ( )

[If your answer is YES, after reviewing the exhaustion requirements, answer the following questions]

DC 225 (Rev. 9/03)

1

EXHAUSTION OF ADMINISTRATIVE REMEDIES: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:

General Grievance

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A. Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22 (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

   1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)?  Yes (X) No ( )

   2. If so, you must attach a copy of the grievance and response to this Complaint form.

   3. Were you denied emergency status?  Yes (X) No ( )

      a. If so, did you go through the informal grievance, formal grievance and appeal process?  Yes (X) No ( )

      b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B. Informal Grievance (Request for Interview)

DC 225 (Rev. 9/03)

2

1. Did you submit an informal grievance (Form DC3-005)? Yes (X) No ( )

2. If so, you must attach a copy of the grievance and response to this Complaint form.

C. <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes ( ) No (X)

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3. Did you submit a formal grievance (Form DC1-303)? Yes ( ) No (X)

4. If so, you must attach a copy of the grievance and response to this Complaint form.

D. <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes ( ) No (X)

2. If so, you must attach a copy of the appeal and response to this Complaint form.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.**

Signed this __2ND__ day of __June__, 2 __010__.

_____Norman E. Carson_____
Signature of Plaintiff

DC 225 (Rev. 9/03)                                3

III. **DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?** Yes ( ) No (X)

If your answer is YES, answer the following questions.

A. Is there a grievance procedure at your institution or jail? Yes ( ) No ( )

B. Did you present the facts relating to your Complaint in the grievance procedure? Yes ( ) No ( )

C. If your answer is YES:

1. What steps did you take? N/A

2. What were the results? N/A

3. To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D. If your answer is NO, explain why not: Happen in prison, Not Jail

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this 2nd day of June, 2010.

Norman E. Carson
Signature of Plaintiff

DC 225 (Rev. 9/03)                    4

IV. **PREVIOUS LAWSUITS:**

A. Have you initiated other lawsuits in <u>state court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?
Yes (X) No ( ) N%C.

B. Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?
Yes (X) No ( )

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1. Parties to previous lawsuit:

    Plaintiff(s): _Norman E. Catson_

    Defendant(s): _Walter McNeil_

2. Court (if federal court, name the district; if state court, name the county):
    _U.S.D.C., Southern District of Florida Miami, Fla_

3. Docket Number: _1:10-CV-20551_

4. Name of judge: _Patrick A. White_

5. Briefly describe the facts and basis of the lawsuit: _Federal Habes Corpus on Incarceration._

6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?):
    _Still pending_

7. Approximate filing date: _2-22-2010_

8. Approximate disposition date: _Unknown_

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

DC 225 (Rev. 9/03)

5

"UNKNOWN"

| | |
|---|---|
| 3:98-CV-55-RV-MO. | 02-22592-CV-MORENO |
| 3:96-CV-407-LC. | 8:02-CV-1270-T-24-EAJ. |
| 3:96-CV-310-RV. | |
| 3:96-CV-460-LC. | |

V.  **PARTIES:** In part A of this section, indicate your <u>full name</u> in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A.  Name of Plaintiff: NORMAN E. CAISON

Mailing address: UNION CORRECTIONAL INSTITUTION 7819 N.W. 228th STREET, RAIFORD, FLORIDA 32026-4160

B.  Additional Plaintiffs: N/A

In part C of this section, indicate the <u>full name</u> of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C.  Defendant: SGT. FLEMING

Mailing Address: UNION CORRECTIONAL INSTITUTION 7819 N.W. 228th STREET, RAIFORD, FLORIDA 32026-4160

Position: SERGEANT IN CONFINEMENT N-DORM

Employed at: UNION C.I.

D.  Defendant: SGT. WILKISON

Mailing Address: UNION CORRECTIONAL INSTITUTION 7819 N.W. 228th STREET, RAIFORD, FLORIDA 32026-4160

Position: SERGEANT 1st SHIFT CONFINEMENT ECT.

Employed at: UNION C.I.

DC 225 (Rev. 9/03)

E. Defendant: JOHN THOMAS
Mailing Address: UNION CORRECTIONAL INSTITUTION 7819 N.W. 228th STREET, RAIFORD, FLORIDA 32026-4160
Position: SECURITY OFFICER
Employed at: UNION C.I.

F. Defendant: NA
Mailing Address:

Position:
Employed at:

G. Defendant: N/A
Mailing Address:

Position:
Employed at:

VI. **STATEMENT OF CLAIM:** State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

I was deprive of due process of the law, as well as, my First, Fifth, Sixth, Eighth, and 14th Amendment rights were violated to be free from retaliation, assaults, harassment, intimidation, nutrition, abuse emotional or mental, neglect, or threaten. All defendants were acting under color of state law in their individual capacity.

VII. **STATEMENT OF FACTS:** State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant(s)).

On 6-24-09, at approximately 11:10 A.m., SGT. Wilkison, supervised the plaintiff being assaulted, by C.O. Markum, and C.O. Spencer, however, SGT. Wilkison, never gave either officer an order to stop their malfeasance towards myself. On 6-24-09, during this same date SGT. Fleming utilized all types of abusive profane language toward myself for requesting hygiene items twice when I was placed into confinement. He denied me access to soap, toothbrush, toothpaste, toilet tissue, as well as, my own personal hygiene

DC 225 (Rev. 9/03)                              8

**Statement of Facts, continued:**

ITEMS TO MAINTAIN MY HEALTH SAFETY, AND WELL BEING. SGT. FLEMING CALLED ME A FUCKING SNITCH, FOR INVOKING THE GRIEVANCE PROCEDURE. THAT NIGGER CAN'T KEEP HIS BLACK ASS OUT OF CONFINEMENT, BECAUSE OF SNITCHING ON FUCKING STAFF MEMBERS. NUMEROUS INMATES WITNESS THIS SITUATION, AS WELL AS, THAT ASSAULT, AND C.O. J. THOMAS, REFUSE TO ISSUE MYSELF A FOOD TRAY ON 6-24-09. WITNESSES NAMES: RAPPOIDI ALI # 069892, RICHARD VICKERS # A-094314, HERSHELL SMITH # 148028, KYLE SMITH # 110456, R. COLLONS # OF CELL 3121, RONALD HOLCOMBE # B-558740, LITTLETON # 027289, THAT FORMAL GRIEVANCE WAS NEVER RETURN TO MYSELF, AS WELL AS, OTHER GRIEVANCES ON THIS ISSUE.

ON 6-24-09 C.O. JOHN THOMAS, INFORMED ME AFTER HE REFUSE TO ISSUE MY NOON MEAL. IF HE HAD HIS WAY MY BLACK ASS WOULD NEVER EAT AGAIN!

SEE: BOUNDS 430 U.S. 828, 97 S.CT. AT 1498, HOUSTON V. LACK 487, U.S. 266, 270, 276, 108 S.CT. 2379, 2382, 2385, THADDEUS-X V. BLATTER 110 F.3D. 1233, 1247, 1997, ZILICH V. LONGO 34 F.3D 359, CORNELL V. WOODS 69 F.3D 1383, POPE V. SHAFER 86 F.3D 90 (1996), LAVINE V. WRIGHT 423 F.SUPP-357, NORTHINGTON V. JACKSON 973 F.2D 1518, 1524, ZINERMON V. BURCH, 494 U.S. 113, 139, 110 S.CT. 975, 990, 108 L.ED 2D 100, 122 (1990), MCCLESKEY V. KEMP, 481 U.S. 279, 292, 107 S.CT. 1756, 1767, 95 L.ED. 2D 262, 278, (1987).

VIII. <u>RELIEF REQUESTED</u>: State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

RESOLVE THIS MALFEASANCE BY DEFENDANTS FROM FUTHER INJURY AND DAMAGES FROM EACH DEFENDANT IN THEIR PERSONAL INDIVIDUAL CAPACITY IN THE SUM OF $150,000 EACH, ALSO COMPENSATION AS WELL AS, PUNITIVE DAMAGES. A JURY BY TRIAL, A T.R.O. FOR MY SAFETY. REMOVE ANY AN ALL D|R'S, OR CLOSE MANAGEMENT BY DEFENDANTS, TRANSFER ME CLOSE TO MY FAMILY IN MIAMI, FLORIDA, APPOINTMENT OF COUNSEL TO REPRESENT THE PLAINTIFF IN BOTH 1983 CLAIMS. HAVE ALL DEFENDANTS SUBMIT TO A VOICE STRESS ANALYZER TEST TO PROVE THIS SITUATION.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this **2ND** day of **JUNE**, 2**010**.

NORMAN E. CAISON   471680
CHARLOTTE C.I. 33123 OIL WELL ROAD
PUNTA GORDA, FLORIDA 33955

*Norman E. Caison*
(Signatures of all Plaintiffs)

DC 225 (Rev. 9/03)

## OATH

I, Norman E. Caison, undersigned am the defendant in this action and declare under the penalty of perjury pursuant to the laws of the State of Florida that the foregoing is true and correct, see: F.S. 92.525, Shearer v. State, 628 So. 2d 1102, (Fla. 1993). Executed this 2nd day of June 2010.

## CERTIFICATE OF SERVICE

I, Norman E. Caison, hereby certify, under § 92.525, F.S. 2009, and pursuant to the authority of Thompson v. State, 761 So. 2d 324 (Fla. 2000), (Prisoner Mailbox Rule) that I have placed the below described documents into the hands of Union Correctional Institution mail room officials for mailing and a true copy of the foregoing Motion for Amended 1983 Civil Rights has been furnished on this 2nd day of June 2010 via U.S. First-Class Mail to Clerk of the Court U.S.D.C. 300 North Hogan Street, Suite 9-150 Jacksonville, Florida 32202-4271.

*Norman E. Caison*

Mr. Norman E. Caison 471680
Charlotte 33123 Oil Well Road
~~Union~~ Correctional Institution
Punta Gorda, 33955
~~1819 NW 228th Street~~
~~Raiford, Florida 32026-4160~~

## Affidavit

Orvel Lloyd states under penalty of perjury.

I am a witness in Plaintiff case and make this affidavit in support of a claim under 42 U.S.C. § 1983. I am willing to testify in a court of law.

On March 19, 2009, approximately 2:00 p.m. returning to B-Area, I notice Lt. Allen calling inmate Norman a Fuck Boy and screaming at him, Nigger, Nigger. Also Lt. Allen instructed him to go into his office. Allen stated both of them could fight each other, there was several inmates standing witness Lt Allen misconduct action against inmate Norman, Allen threats.

I hereby sworn the follow statement is true and correct to my personal knowledge and make oath to this affidavit

Orvel Lloyd
678726
U.C.I. AROUN 3-19-009

## Affidavit

Orvel Lloyd. States under penalty of perjury.

On middle part of June 2009. LT. Allen called me in B-Area LT. Office started calling me a F.B.I. you and that Fuck Boy Norman, I just had his ass lockup against for filing inmate grievance. Against me, if you filed another grievance against office George. I put you ass on Lockup like I did Norman do you hear that.

I Hereby Sworn the following Statement is True and Correct to Best of my personal knowledge and make oath to this Affidavit.

Orvel Lloyd
7-3-09.

# EXHIBIT A

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

(2)   (B-1)

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☒ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From: CAISON, NORMAN E.   471680   UNION C.I / N-3120
Last   First   Middle Initial   Number   Institution

Part A – Inmate Grievance

EMERGENCY GRIEVANCE:
33-103.006, SEC (3)(A), 017 SEC(4) F.S. 415.111, 415.101 SEC (2), 415.102 SEC (13), 20.315 SEC (1)(C). Numerous Elements To Address one Issue. On 6-24-09, at approximately 10:20 A.M. LT. Allen, informed me, after LT. Morgan, was placing me into confinement I was a dum Ass Nigger, also my Ass would be kicked when I reached Confinement. C.O. Spencer, And C.O. Markum placed me into cell N-3120, Both of Them began to kick me in my Stomach, Testicles, And hit me in my Face at least Five Times By Both officers. C.O. Spencer, And C.O. Markum, Informed me if I tell Anyone About this Both of Them would come Back And "Kill me." Union C.I. Warden Asst. Warden Robinson, Pol Hill Colonel, LT. Allen, LT. Morgan, C.O. Spencer, C.O. Markum, And Administration Are In Non-Compliance with F.S. 415.111, 415.101 SEC.2, 415.102 SEC (13), 20.315 SEC (1)(C), 112.313 SEC (6), 33-208.003 SEC (6), (10)(13)(22)(24) 33-103.017 SEC(1). From what LT. Allen, Has Told me In the past, As well As, The present, By The Time Someone Respond To The Grievance I will Already be Dead! Remedy Sought! Enforce All Rules Listed Above at U.C.I. Warden, Ms. Robinson, Pol Hill Colonel, LT. Morgan LT. Allen, C.O. Spencer, And C.O. Markum, Also Stop Refusing To Feed me my Food Tray. I Don't Fear For my Life Either. I Request All Officers in this Grievance to be Fired. "Release me From Confinement."

Numerous Inmates Witness C.O. Spencer, And C.O. Markum Threats to Kill me If I Tell Anyone.

SEE ATTACHED

C.C. F.D.L.E, D.O.J. Gov." President, 1983 C.R. GISF

6-24-09   Norman E Caison   471680
DATE   SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: 0 , N/A
   #   Signature

INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____   Institutional Mailing Log # 906-213-327   _____
   (Date)   (Received By)

DISTRIBUTION:   INSTITUTION/FACILITY          CENTRAL OFFICE
                INMATE (2 Copies)             INMATE
                INMATE'S FILE                 INMATE'S FILE - INSTITUTION/FACILITY
                INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
                                              CENTRAL OFFICE GRIEVANCE FILE

 

**PART B - RESPONSE**

| CAISON, NORMAN | 471680 | 0906-213-329 | UNION C.I. | N3120S |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for administrative remedy has been reviewed and evaluated. The issue of your complaint has been referred to Office of the Inspector General for appropriate action. Upon completion of necessary action, information will be provided to appropriate administrators for final determination and handling.

As action has been initiated, you may consider your request for administrative remedy approved from that standpoint.

P. Jenkins                                 B. V. Reddish

_____    _____    7-7-09
SIGNATURE AND TYPED OR PRINTED NAME    SIGNATURE OF WARDEN, ASST. WARDEN, OR    DATE
OF EMPLOYEE RESPONDING                  SECRETARY'S REPRESENTATIVE

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

**MAILED**
JUL 08 2009
UCI GRIEVANCE OFFICE